COWLES (LEAVITT v.). See Case No. 8,-171.

COWPERTHWAITE (BURR v.). See Case No. 2,188.

## Case No. 3,298.

### COWPERWAITHE v. GILL et al.

Circuit Court, District of Columbia. Sept. 20, 1859.

#### PATENTS—PRIOR USE AND SALE.

[An application for a patent of a machine for the manufacture of hat bodies was rejected on interference because of sale and use more than two years prior to the application.]

Appeal from the decision of the commissioner of patents.

The commissioner of patents refused to grant a patent to George C. Cowperthwaite, assignee of William Fosket, the appellant, for Fosket's invention in the new and useful improvement in a machine for the manufacture of hat bodies. [The application was contested by Ira Gill and Elbridge Brown.]

MORSELL, Circuit Judge. The grounds upon which the commissioner rejects the claim in this case are: "The proof is clear that Fosket, the original inventor, sold an interest in his invention to several persons who manufactured hat bodies on his machine in 1844, and sold them in the market. One witness (Stedman) named ten persons in whose presence the machine was operated in the machine shop of the Otis Manufacturing Co. in Wane, Massachusetts. This witness saw this machine manufacture a dozen hat bodies at a time, and saw it at work from a dozen to twenty times. He always supposed those hat bodies were manufactured for sale in the market. Another witness saw these machines in use in 1843; saw them daily in operation six or nine months; Fosket made hat bodies on them for Tolman; and adds that Fosket and others, joint owners with the witness (Brown) made hat bodies, with the machine, and sold them in Boston. Commissioner also states that Fosket took out a patent in 1846 for an entire hat body machine, in which he did not allude to the invention now in question. In an interview between Fosket and Gill, at the house of the latter, he showed the former all the operation of the machine, including the internal regulator, the perforated board, and Fosket then made no claim to the internal regulator. Fosket made no application for a patent on the invention in question until February, 1858.

To this decision seventeen reasons of appeal were filed. These reasons need not be here stated particularly; the substance of them has been correctly noticed. Due notice having been given of the time and place appointed for the hearing of said appeal, the said decision, with the reasons of appeal, and the report of the commissioner thereon, and all the original papers and evidence, were laid before the judge, whereupon a reasonable time was allowed to said parties to make their arguments, but, they failing so to do, and failing to comply with the rules established for that purpose, the said cause has been taken up for consideration and decision.

I have carefully examined the reasons and the testimony upon which the decision and report of the commissioner rest, and I am satisfied that he has fairly stated the import thereof, and the principles that are applicable thereto are correctly applied. The conclusion, of course, to which I have come, is that the said decision ought to be, and is hereby, affirmed.